1

2

**THE HONORABLE JAMES L. ROBART**

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

10

11

12

13

14

15

JULIE AND STEFAN GILES, a married couple,

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurer,

Defendant.

NO. 2:17-cv-01888-JLR

STIPULATED PROTECTIVE ORDER

**NOTED FOR CONSIDERATION:**

**March 23, 2018**

16

17

**1.     PURPOSES AND LIMITATIONS**

18

Discovery in this action is likely to involve production of confidential, proprietary, or

19

private information for which special protection may be warranted.  Accordingly, the parties

20

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

21

parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket

22

protection on all disclosures or responses to discovery, the protection it affords from public

23

disclosure and use extends only to the limited information or items that are entitled to

24

confidential treatment under the applicable legal principles, and it does not presumptively entitle

25

parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER - 1

1070.070/StipulatedProtectiveOrder.docx

**2.    "CONFIDENTIAL" MATERIAL**

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: selected portions of defendant State Farm Mutual Automobile Insurance Company's Automobile Claims Manual; Plaintiff's financial records, tax returns, and Plaintiff's medical records reflecting other conditions.

**3.    SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

STIPULATED PROTECTIVE ORDER - 2

1070.070/StipulatedProtectiveOrder

FALLON McKINLEY & WAKEFIELD, PLLC
ATTORNEYS AT LAW
1111 Third Avenue, Suite 2400
SEATTLE, WASHINGTON 98101
(206) 682-7580 FAX (206) 682-3437

1          (b)     the officers, directors, and employees (including in house counsel) of the

2 receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

3 agree that a particular document or material produced is for Attorney's Eyes Only and is so

4 designated;

5          (c)     experts and consultants to whom disclosure is reasonably necessary for this

6 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7          (d)     the court, court personnel, and court reporters and their staff;

8          (e)     copy or imaging services retained by counsel to assist in the duplication of

9 confidential material, provided that counsel for the party retaining the copy or imaging service

10 instructs the service not to disclose any confidential material to third parties and to immediately

11 return all originals and copies of any confidential material;

12          (f)     during their depositions, witnesses in the action to whom disclosure is

13 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

14 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

15 transcribed deposition testimony or exhibits to depositions that reveal confidential material must

16 be separately bound by the court reporter and may not be disclosed to anyone except as permitted

17 under this agreement;

18          (g)     the author or recipient of a document containing the information or a

19 custodian or other person who otherwise possessed or knew the information.

20     4.3    Filing Confidential Material. Before filing confidential material or discussing or

21 referencing such material in court filings, the party shall confer with the designating party to

22 determine whether the designating party will remove the confidential designation, whether the

23 document can be redacted, or whether a motion to seal or stipulation and proposed order is

24 warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

25 that will be applied when a party seeks permission from the court to file material under seal.

STIPULATED PROTECTIVE ORDER - 3

1070.070/StipulatedProtectiveOrder

FALLON McKINLEY & WAKEFIELD, PLLC
A T T O R N E Y S   A T   L A W
1111 Third Avenue, Suite 2400
SEATTLE, WASHINGTON 98101
(206) 682-7580 FAX (206) 682-3437

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

FALLON McKINLEY & WAKEFIELD, PLLC
A T T O R N E Y S   A T   L A W
1111 Third Avenue, Suite 2600
SEATTLE, WASHINGTON 98101
(206) 682-7580  FAX (206) 682-3437

(b)     Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other

STIPULATED PROTECTIVE ORDER - 5

1070.070/StipulatedProtectiveOrder

FALLON McKINLEY & WAKEFIELD, PLLC
ATTORNEYS AT LAW
1111 Third Avenue, Suite 2400
SEATTLE, WASHINGTON 98101
(206) 682-7580 FAX (206) 682-3437

1  affected parties in an effort to resolve the dispute without court action. The certification must list
2  the date, manner, and participants to the conference. A good faith effort to confer requires a face-
3  to-face meeting or a telephone conference.

4     6.3    Judicial Intervention. If the parties cannot resolve a challenge without court
5  intervention, the designating party may file and serve a motion to retain confidentiality under Local
6  Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of
7  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those
8  made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on
9  other parties) may expose the challenging party to sanctions. All parties shall continue to maintain
10 the material in question as confidential until the court rules on the challenge.

11 **7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**
12
13     If a party is served with a subpoena or a court order issued in other litigation that compels
14 disclosure of any information or items designated in this action as "CONFIDENTIAL," that party
15 must:
16     (a)    promptly notify the designating party in writing and include a copy of the
17 subpoena or court order;
18     (b)    promptly notify in writing the party who caused the subpoena or order to
19 issue in the other litigation that some or all of the material covered by the subpoena or order is
20 subject to this agreement. Such notification shall include a copy of this agreement; and
21     (c)    cooperate with respect to all reasonable procedures sought to be pursued by
22 the designating party whose confidential material may be affected.

23 **8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**
24     If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential
25 material to any person or in any circumstance not authorized under this agreement, the receiving

STIPULATED PROTECTIVE ORDER - 6

1070.070/StipulatedProtectiveOrder

FALLON McKINLEY & WAKEFIELD, PLLC
ATTORNEYS AT LAW
1111 Third Avenue, Suite 2400
SEATTLE, WASHINGTON 98101
(206) 682-7580 FAX (206) 682-3437

1    party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

2    (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

3    person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

4    and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

5    Bound" that is attached hereto as Exhibit A.

6    **9.      INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR    OTHERWISE
        PROTECTED MATERIAL**

7

8            When a producing party gives notice to receiving parties that certain inadvertently

9    produced material is subject to a claim of privilege or other protection, the obligations of the

10   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

11   is not intended to modify whatever procedure may be established in an e-discovery order or

12   agreement that provides for production without prior privilege review. Parties shall confer on an

13   appropriate non-waiver order under Fed. R. Evid. 502.

14   **10.     NON TERMINATION AND RETURN OF DOCUMENTS**

15           Within 60 days after the termination of this action, including all appeals, each receiving

16   party must return all confidential material to the producing party, including all copies, extracts and

17   summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

18           Notwithstanding this provision, counsel are entitled to retain one archival copy of all

19   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

20   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

21   product, even if such materials contain confidential material.

22           The confidentiality obligations imposed by this agreement shall remain in effect until a

23   designating party agrees otherwise in writing or a court orders otherwise.

24           IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

25

STIPULATED PROTECTIVE ORDER - 7

1070.070/StipulatedProtectiveOrder

FALLON McKINLEY & WAKEFIELD, PLLC
A T T O R N E Y S   A T   L A W
1111 Third Avenue, Suite 2400
SEATTLE, WASHINGTON 98101
(206) 682-7580 FAX (206) 682-3437

FALLON McKINLEY & WAKEFIELD

Dated *March 23, 2018*

By *s/Scott C. Wakefield*
    Scott C. Wakefield    WSBA #11222
    Attorneys for Defendant
    1111 Third Avenue, Suite 2400
    Seattle, WA 98101
    Telephone: (206) 682-7580
    Facsimile: (206) 682-3437
    E-Mail: swakefield@fmwlegal.com

TELLER & ASSOCIATES, PLLC

Dated 3/23/2018

By s/Stephen A. Teller
    Stephen A. Teller    WSBA #23372
    Attorneys for Plaintiff
    1139 34th Avenue, Suite B
    Seattle, WA 98122
    Telephone: 206-324-8969
    Facsimile: 206-860-3172
    E-Mail: Steve@stellerlaw.com

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated *March 23, 2018*

THE HON. JAMES L. ROBART
United States District Judge

STIPULATED PROTECTIVE ORDER - 8

1070.070/StipulatedProtectiveOrder

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Western District of Washington on _____

[date] in the case of *Julie and Stefan Giles v. State Farm Mutual Automobile Insurance*, United

States District Court for the Western District of Washington at Seattle, Case No. 2:17-cv-01888-

JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

_____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 9

1070.070/StipulatedProtectiveOrder

FALLON McKINLEY & WAKEFIELD, PLLC
ATTORNEYS AT LAW
1111 Third Avenue, Suite 2400
SEATTLE, WASHINGTON 98101
(206) 682-7580 FAX (206) 682-3437